UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. Action No. 13-0170-1 (ABJ) |
| | ) | |
| ENDEJA HASSAN ROBINSON, and RUSSELL STANLEY III, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the government's Motion for Emergency Review and Appeal of a Magistrate Judge in this court's order authorizing defendant Endeja Robinson's release. "If a person is ordered released by a magistrate judge, . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a)(1). The Court reviews the magistrate judge's determination *de novo*. *United States v. Beauchamp-Perez*, 822 F. Supp. 2d 7, 9 (D.D.C. 2011); *United States v. Burdette*, 813 F. Supp. 2d 1, 2 (D.D.C. 2011); *United States v. Hudspeth*, 143 F. Supp. 2d 32, 36 (D.D.C. 2001).

**BACKGROUND**

Defendant was arrested on June 28, 2013, and he has been in custody since that date. *See* Arrest Warrant Returned [Dkt. # 4]; Minute Order (June 28, 2013). The indictment charges: (1) conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of Phencyclidine (PCP) in violation of 21 U.S.C. § 846; (2) attempted unlawful possession with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of PCP in violation of 21 U.S.C.

§ 841(a)(1) and § 841(b)(1)(A)(iv), and aiding and abetting and causing an act to be done in violation of 18 U.S.C. § 2; (3) unlawful use of a communication facility to facilitate the commission of a drug felony in violation of 21 U.S.C. § 843(b); and (4) criminal forfeiture under 21 U.S.C. § 853(a) and (p). *See* Indictment [Dkt. # 1]. The government moved to detain defendant without bail pending trial. *See* Minute Order (July 2, 2013). On July 2, 2013, the Magistrate Judge denied the motion, and ordered that defendant be released into the Pretrial Services Agency's High Intensity Supervision Program with electronic monitoring and placed on home detention for twenty-one days. *See* Release to PSA's High Intensity Supervision Program [Dkt. # 6].

The government promptly moved to reverse the Magistrate Judge's order denying pre-trial detention without bail and moved for a stay of the release order pending the resolution of its appeal. Mot. for Emergency Review and Appeal of Release Order ("Govt.'s Mot.") [Dkt. # 5] at 1. On July 2, 2013, this Court held a hearing on the government's motion. For the reasons below, the Court grants the government's motion to reverse the Magistrate Judge's order. Defendant shall be held without bail pending trial.

## LEGAL STANDARD

A judicial officer shall order the detention of a criminal defendant before trial if, after a detention hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). There is a rebuttable presumption that a defendant should be detained before trial if the court finds probable cause to believe that the defendant has committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.). . . ." 18 U.S.C.

§ 3142(e)(3)(A). In such a case, the court will "presume[] that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Id.* § 3142(e)(3). "The defendant may rebut this presumption by offering 'credible evidence' to the contrary." *Burdette*, 813 F. Supp. 2d at 3, citing *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985).

To determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the community, the judicial officer should consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's past conduct and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

## ANALYSIS

In this case, the government has proffered evidence, including video surveillance tapes, that establishes probable cause to believe that the defendant packaged and shipped PCP from California to the Washington, D.C. metropolitan area and arranged for it to be delivered to a number of different addresses. *See* Govt.'s Mot. at 1–4. At the hearing, the defendant did not dispute this evidence nor did he contest the allegation that there is probable cause to believe that he has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. Therefore, the Court finds that there is probable cause to believe that the defendant committed the offenses for which he is charged. Accordingly, there is a rebuttable presumption that no conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The government informed the Court that the defendant committed the offenses charged in the indictment in this case while he was on supervised release from another federal court for an identical offense – possession with intent to distribute PCP. Govt.'s Mot. at 6. He also has a pending drug charge in Maryland for which he is currently out on bond. *Id.* The defendant fully acknowledged the pendency of these matters.

During the hearing, the defendant objected to the government's references to other uncharged misconduct that had not been previously disclosed to the defense and to its allegations about the involvement of the defendant's girlfriend – the occupant of the premises to which the defendant proposed to be released – in criminal activity. He also took issue with the government's representation that the pending Maryland state court matter included a gun charge. But the Court is not relying on that material as the basis for its decision. Here, the record reflects that being released under the supervision of not one but two courts has been insufficient to protect the community from the defendant's continued participation in trafficking in PCP. Under the terms of the statute, the onus is on the defendant to come forward with credible evidence to rebut the presumption that he should be detained, and given the additional evidence on the government's side of the ledger, the defendant has simply failed to meet that burden.

The defendant pointed to the fact that several months had elapsed between the commission of the instant offense and his arrest, and he argued that passage of time signaled that the government did not view him as particularly dangerous. But the government was monitoring his activities during that period as its investigation continued, and the fact is that the government was well aware that the defendant spent most of that time in the hospital. The defendant also pointed to the fact that there had not yet been any action taken to modify or revoke his supervised release in the federal case or to change his bond status in the state case, but the lack of

such action does not constitute credible evidence that counters the presumption – which has been borne out by the defendant's own behavior – that the defendant poses a risk to the community. *See* S. Rep. No. 225, 98th Cong., 2d Sess. 307, reprinted in 1984 U.S. Code. & Ad. News 3182, at 3195–96 ("The Committee [on the Judiciary] intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence. . . . The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'").

In sum, the Court finds that the defendant has failed to rebut the statutory presumption. As noted at the hearing, though, the defendant is free to file a written motion to modify the conditions of his bond in the future.

## CONCLUSION

Accordingly, it is hereby

**ORDERED** that the Magistrate Judge's decision to release the defendant is **REVERSED**. And it is

**FURTHER ORDERED** that the defendant shall be held without bond pending further proceedings.

**SO ORDERED.**

_____
AMY BERMAN JACKSON
United States District Judge

DATE: July 10, 2013